IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01408-REB-MEH

HOLLAND & HART LLP

       Plaintiff,

v.

HARRY A. MILLS and
MICRO-MACRO INTERNATIONAL, INC.

       Defendants.

## PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a), and Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and/or statutory privacy interests, including information which the producing party in good faith regards as confidential or proprietary litigation-related, business or commercial information or a trade secret under C.R.S. §§ 7-74-101, et seq., including confidential research, development or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G), or which is competitively or strategically sensitive to the producing party or competitively or strategically useful to the receiving party or any third party (including but not limited to DuPont and its attorneys), including but not limited to, expert, client or vendor information, financial information, financial statements, personnel files, pricing information, research, development or technical information, marketing information, or contractual information, or which implicates privacy interests of the producing party. CONFIDENTIAL information may be designated as such by the producing party, and shall not be disclosed or used for any purpose except the preparation and trial of this case.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed in any manner whatsoever, including but not limited to disclosure orally, or through any copy (whether handwritten, mechanical or electronic), summary, derivation, compilation, excerpt, extract or abstract of a CONFIDENTIAL document, except that such information may be disclosed to:

    (a) attorneys actively working on this case;

(b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) designated representatives of the parties;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

(e) the Court and its employees ("Court Personnel");

(f) stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses; and

(h) other persons by written agreement of the parties.

Holland & Hart's "designated representatives" shall be defined as the members of the firm's management who participate in decision-making concerning claims by or against Holland & Hart, and any Holland & Hart partners who have been designated by the firm's management as the firm's in-house counsel to advise management with respect to claims by or against Holland & Hart.

With respect to Micro-Macro International, Inc. and Harry Mills (collectively, the "Mills Parties"), the only person to whom the Mills Parties may disclose CONFIDENTIAL information pursuant to Paragraphs 4(c) or (g) above is Harry Mills.

The term "attorneys actively working on this case," as defined in Paragraph 4(a) above, shall be limited to those attorneys who have entered an appearance in this case.

5. Prior to disclosing any CONFIDENTIAL information as provided above (other than disclosures permitted by Paragraphs 4(a), (c), (e) or (f)), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to in camera review by the Court if good cause for review is demonstrated by opposing counsel.

6. Notwithstanding any of the above, neither the Mills Parties, their attorneys, nor any other person to whom disclosure is permitted to be made pursuant to this Protective Order may disclose any CONFIDENTIAL information to DuPont or any of its employees, agents, representatives, experts or attorneys, without the prior written agreement of Holland & Hart.

7. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice within thirty (30) days of receipt of the CONFIDENTIAL INFORMATION to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. At the conclusion of this case, unless other arrangements are agreed upon in writing by the parties, each document which has been designated as CONFIDENTIAL, including any and all copies (whether handwritten, mechanical or electronic), summaries, derivations, compilations, excerpts, extracts and abstracts of such documents, shall be returned to the party that designated it as such, and the party returning the documents shall provide the other parties with an affidavit confirming that all CONFIDENTIAL documents and copies (whether handwritten, mechanical or

electronic), summaries, derivations, compilations, excerpts, extracts and abstracts of such documents, have been returned to the producing party.

11. Breach of the obligation to maintain the confidentiality of information covered by this Protective Order may be punishable as contempt of Court, in addition to such other sanctions as the Court may deem appropriate.

12. If any party inadvertently discloses or produces information subject to a claim of confidentiality, attorney-client privilege or work product protection ("Inadvertently Disclosed Information"), the disclosure or production of the Inadvertently Disclosed Information shall not constitute or be deemed a waiver or forfeiture of any claim of confidentiality, privilege or work product protection that the disclosing party would otherwise be entitled to assert with respect to the Inadvertently Disclosed Information and its subject matter. If a claim of inadvertent disclosure is made by the disclosing party, the provisions of Fed. R. Civ. P. 26(b)(5)(B) shall apply. Other than as expressly set forth herein, the production and disclosure of information and documents in this case, including any CONFIDENTIAL Information disclosed or produced pursuant to this Protective Order, shall be governed by Federal Rule of Evidence 502.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED this 17th day of November, 2008, in Denver, Colorado.

BY THE COURT:

s/Michael E. Hegarty

United States Magistrate Judge