IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01408-REB-MEH

HOLLAND & HART LLP,

      Plaintiff,

v.

HARRY A. MILLS, and
MICRO-MACRO INTERNATIONAL, INC.,

      Defendants.

**ORDER ON MOTION TO INTERVENE IN ORDER
TO SEEK MODIFICATION OF THE PROTECTIVE ORDER**

      Plaintiff filed this lawsuit seeking to resolve a fee dispute it had with Defendant Mills, who was hired by the Plaintiff as an expert in a lawsuit in which Plaintiff was counsel for the plaintiffs, *Super Helechos S.A., et al. and EuroFlores S.A., et al. v. E.I. DuPont de Nemours & Company, Inc. and Leon J. DeLeon*, Case Nos. 01-6932 CA 23 and 01-23796 CA 23, in Florida state court. The Court entered a protective order in the within lawsuit, under which the parties agreed to exchange documents with the premise that unless Plaintiff approved, the documents would not be provided to third parties, including the defendant in the Florida case, E.I. DuPont De Nemours & Company (DuPont). Subsequently, Plaintiff and Defendants settled the within lawsuit, and the case was closed on the Court's docket.

      Defendant Mills testified as an expert in the *Super Helechos* case, which is on appeal. He is also an expert in other litigation against DuPont. DuPont seeks documents and information concerning the research Defendant Mills did which underlies his expert opinions. DuPont also believes Defendant Mills failed to respond honestly to questions concerning his research and his relationship with Holland & Hart. DuPont contends that documents produced in the within case will

assist DuPont in confirming its suspicions and in countering Dr. Mills' testimony in other pending cases, and that the protective order in the within case is an impediment to obtaining evidence that DuPont needs. DuPont seeks to intervene in the within closed case to modify the protective order in a way that will provide access to the documents covered thereunder. Holland & Hart opposes the motion on various grounds.

First, Holland & Hart addresses timeliness, because this is a closed case. The Court believes that it has discretion to permit intervention even at this stage, in reliance on *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424 (10th Cir. 1990). The Court does not believe timeliness should dictate the outcome here.

Second, Holland & Hart raises DuPont's lack of standing. Because of the Defendants' association with (more accurately, against) DuPont in pending litigation, and because DuPont is specifically mentioned in the protective order, the Court is persuaded that DuPont has standing to intervene. Holland & Hart also presents substantial argument about whether there are protections against disclosure of the documents unrelated to the provisions of the protective order, *e.g.*, work product or other privileges. The Court does not view that analysis as critical to the issue of intervention for purposes of modification of the protective order.

Finally, Holland & Hart argues prejudice. The Court does not believe that the prejudice that Holland & Hart or the Defendants could suffer is the type of prejudice envisioned by Fed. R. Civ. P. 24(b)(3). Therefore, that consideration is not dispositive.

Because there are no substantial jurisdictional bases for the Court to deny the motion to intervene, and because such intervention appears to be condoned by the case law, the motion will be granted. However, the Court does not believe that it has sufficient briefing on the request for modification of the protective order. The local rules require each motion to be made in a separate

paper. The Court considers the current motion to include only the request for relief that intervention be granted. DuPont must move separately for modification of the protective order.

In retrospect, the Court should have stricken DuPont's motion to intervene because of its failure to certify compliance with D.C. Colo. LCivR 7.1A. Because the matter is now briefed, the Court will not strike the motion; however, all future motions, including any motion to modify the protective order, must be accompanied by such certification.

At this point, based on the argument received to date, the Court would be inclined to modify the protective order so that the order will not be *the* hindrance to DuPont obtaining documents from any person or entity. The Court has no intention of ordering Holland & Hart or the Defendants to produce anything, as this case is closed, and the Court has no interest in protracting the matter. To the extent that DuPont believes it could obtain legal process from some jurisdiction which would compel Holland & Hart or the Defendants to produce documents, it may do so, and the protective order should not serve as a shield to otherwise discoverable information. The Court will accept briefing on the issue of the scope of modification sought by DuPont, but the parties to the within lawsuit (including, now, DuPont as an intervenor) are directed to confer prior to the filing of any motion, in order to consider this Order and determine the appropriate manner in which to proceed.

Accordingly, based on the foregoing and the entire record herein, it is hereby ORDERED that the Motion by E.I. DuPont de Nemours & Co. [DuPont] to Intervene to Seek Modification of the Protective Order [filed July 16, 2009; docket #92] is **granted**. DuPont may intervene in this action for the sole purpose of seeking modification of the Protective Order entered in this case.

Dated at Denver, Colorado, this 22nd day of September, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge