IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01408-REB-MEH

HOLLAND & HART LLP,

    Plaintiff,

v.

HARRY A. MILLS, and
MICRO-MACRO INTERNATIONAL, INC.,

    Defendants.

E.I. DU PONT DE NEMOURS,

    Intervenor.

---

**ORDER ON PENDING MOTIONS**

---

Plaintiff filed this lawsuit seeking to resolve a fee dispute it had with Defendant Mills, who was hired by the Plaintiff as an expert in a lawsuit in which Plaintiff was counsel for the plaintiffs, *Super Helechos S.A., et al. and EuroFlores S.A., et al. v. E.I. DuPont de Nemours & Company, Inc. and Leon J. DeLeon*, Case Nos. 01-6932 CA 23 and 01-23796 CA 23, in Florida state court. The Court entered a Protective Order in the above-captioned case, under which the parties agreed to exchange documents with the premise that unless expressly permitted by the Protective Order, or unless Plaintiff approved, the documents would not be provided to third parties, including the defendant in the Florida case, E.I. DuPont De Nemours & Company (DuPont). Subsequently, Plaintiff and Defendants settled this case, and it was closed on the Court's docket.

Defendant Mills testified as an expert in the *Super Helechos* case, which is on appeal. He is also an expert in other litigation in the Florida state courts against DuPont. DuPont seeks to have access to the documents exchanged in this lawsuit, most particularly deposition transcripts. DuPont

believes that Mills has not provided complete information in the Florida litigation, and it suspects that the information exchanged in the above-captioned case will be of significant assistance in preparing for a 2010 trial in Florida in which Mills is an expert. Mills' deposition has not yet been taken in that case.

The Court permitted DuPont to intervene in this closed case for purposes of filing a motion to alter or amend the Protective Order. Plaintiff Holland & Hart LLP opposed intervention and has filed a motion to reconsider the Court's Order permitting intervention. The Court is not persuaded by the supplemental authority provided by Holland & Hart LLP in *Bond v. Utreras*, __ F.3d __, 2009 WL 3735802 (7th Cir. Nov. 10, 2009), primarily because of the differently situated intervenor in that case. In the Court's opinion, the parties in the above-captioned case, by specifically identifying DuPont in their proposed Protective Order as a party to whom documents may not be disclosed, have created a unique factual situation that tips the balance of any discretionary authority the Court has strongly in favor of standing to intervene. Therefore, the Notice of New Authority and Motion to Reconsider is denied.

As for DuPont's Motion to Modify the Protective Order, at the oral argument of this matter on November 24, 2009, DuPont and Holland & Hart LLP agreed that the Protective Order cannot be used as an objection to any request for documents that were created prior to the entry of the Protective Order, because the original parties in Civil Action No. 08-cv-01408-REB-MEH cannot establish reliance on the promise of confidentiality as to such documents.[1] Thus, the only documents truly at issue in DuPont's motion are the deposition transcripts that were created during the discovery process and a *de minimis* number of documents that may have been created for the

---

[1] There is one exception asserted by Holland & Hart LLP: documents whose creation pre-existed the Protective Order but which were used as exhibits in the depositions in this case. As to such documents, Holland & Hart contends that its selection of certain documents with which to confront Mills in his deposition constitutes work product as well as reliance on the Protective Order.

purpose of this lawsuit (*i.e.*, data compilations).

The Court finds of significant relevance the following analysis by the Second Circuit:

> ... the vital function of a protective order issued under Rule 26(c), F.R.Civ.P. [is] to "secure the just, speedy, and inexpensive determination" of civil disputes, Rule 1, F.R.Civ.P., by encouraging full disclosure of all evidence that might conceivably be relevant. This objective represents the cornerstone of our administration of civil justice. Unless a valid Rule 26(c) protective order is to be fully and fairly enforceable, witnesses relying upon such orders will be inhibited from giving essential testimony in civil litigation, thus undermining a procedural system that has been successfully developed over the years for disposition of civil differences.

*Martindell v. International Tel. & Tel. Corp.*, 594 F.2d 291, 295 (2d Cir. 1979). In the *Martindell* case, the court's order denied even the United States' attempt to obtain deposition transcripts for purposes of determining whether the deponents had engaged in criminal activity. The court noted that the Government could institute grand jury proceedings and obtain the deponents' testimony in that forum, "regardless of whether they have already testified or furnished documentary evidence in civil litigation." *Id.* These considerations counsel against modification of the Protective Order here. DuPont has yet to take Mills' deposition in the Florida litigation. Presumably, DuPont will have full access to Mills through that process. Indeed, DuPont now has the benefit of the pleadings and motions filed in this lawsuit, which disclose a significant amount of information. What it will not have when DuPont questions Mills is the insider knowledge of counsel for Holland & Hart LLP, which took Mills' deposition in this lawsuit and which had access to the long history of Holland & Hart LLP's association with Mills, their own expert in the *Super Helechos* matter. The Court does not believe that this is sufficient prejudice to DuPont to justify modification of the Protective Order.

The Tenth Circuit noted that modifying the Protective Order in a particular case might produce "more efficient discovery" in a related case. *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427-28 (10th Cir. 1990). That is not the case here. At the hearing, DuPont's

counsel stated that in the Florida state court trial, discovery is complete except for certain expert depositions (including Mills'), and trial will take place in only 45 days, commencing January 11, 2010 (although counsel for Holland & Hart LLP believes that this is not correct).  Production of the deposition transcripts in this case will not substantially reduce the costs in DuPont's Florida lawsuit.  Thus, modification of the Protective Order would not place DuPont in a position it would otherwise reach only after repetition of Holland & Hart LLP's discovery.  *Id.* at 1428 (quoting *Wilk v. American Medical Ass'n*, 635 F.2d 1295, 1299 (7th Cir. 1980)).  Moreover, the Court is convinced that modification of the Protective Order would prejudice the substantial rights of Holland & Hart LLP, which relied on the Protective Order in aggressively pursuing discovery against its expert Mills.  This prejudice outweighs any benefit to DuPont regarding modification of the Protective Order.

Accordingly, based on the foregoing and the entire record herein, it is hereby ORDERED that the Motion by E.I. DuPont de Nemours & Co. [DuPont] to Modify the Protective Order [filed October 13, 2009; docket #104] is **denied**.  Further, as noted above, Holland & Hart's Notice of New Authority and Motion to Reconsider Granting DuPont's Motion to Intervene [filed November 23, 2009; docket #122] is **denied**.  Finally, Holland & Hart's Alternative Motion to Stay Enforcement of Modification of the Protective Order [filed November 2, 2009; docket #107] is **denied as moot**, given the disposition of the Motion to Modify Protective Order herein.

Dated at Denver, Colorado, this 27th day of November, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge